Peter Gessner, Chairman, John W. Martin, J. H. Graham, J. V. Roberts and H. E. Bennett, as and Constituting the Board of County Commissioners of Volusia County; H. Homer Smith, as Tax Assessor of Volusia County, *et al.*, v. State *ex rel.* J. E. Pierce, Ross Parrish, D. F. Fuquay, R. S. Tolan and J. Frank Isaac, as and Constituting the Board of Bond Trustees of Ocean Shore Improvement District in Flagler and Volusia Counties.

191 So. 694
Division B
Opinion Filed October 24, 1939

*Hull, Landis & Whitehair,* for Plaintiffs in Error;

*Green & West* and *Alfred A. Green,* for Defendants in Error.

Per Curiam.—The record in this case discloses that the Board of Bond Trustees of Ocean Shore Improvement District, comprising given areas of Flagler and Volusia Counties, Florida, on June 28, 1939, pursuant to Section 3, Chapter 12735, Special Acts of 1927, Laws of Florida, adopted the resolution, viz.:

"Whereas, the Board of Bond Trustees of Ocean Shore Improvement District has made a careful estimate of the amount of money necessary to be raised by tax for the year A. D. 1939 to pay the interest upon, and create a sinking fund for the payment of principal of the issues, sold and outstanding bonds of the district, including the general and special expenses of said district authorized by law to be paid by the trustees of said district, and for such· estimate find, determine and now declare such amount of money to be $35,000; and now desire to make and submit such estimate to the Boards of County Commissioners of Volusia and Flagler Counties, as required by law, so that said boards of county commissioners may hold a joint conference, as provided and required by law, at some convenient point in either of said counties for the purpose of ascertaining and determining the total assessed valuation of all the real estate and personal property, railroads, telephone and telegraph lines and all other property taxable under the laws of the State of Florida within said Ocean Shore Improvement District, and thereupon to determine the millage sufficient to realize an amount equal to the estimated amount of $35,000 so made and submitted by this board to pay the interest upon and create a sinking fund for the payment of the principal of the bonds of the district issued, sold and outstanding, including the general and special expenses of said district authorized by law to be paid by the trustees of said district;

"Now, THEREFORE, BE IT RESOLVED by the Board of Bond Trustees of Ocean Shore Improvement District, in Flagler and Volusia Counties, Florida, that an amount of $35,000 is necessary to be raised by a tax to be assessed and levied for the year 1939 upon all property taxable under the laws of the State of Florida within said Ocean Shore

Improvement District, to pay the interest upon and create a sinking fund for the payment of the principal and interest of the outstanding bonds of Ocean Shore Improvement District, a special taxing district in Flagler and Volusia Counties, Florida, for the ensuing current year, including the general and special expenses of said district, and also including compensation to said trustees, attorney's fees, bookkeeping expenses and the other general and special expenses of said district authorized by law to be paid by the trustees of said district.

"BE IT FURTHER RESOLVED, that out of said amount of said $35,000, herein required to be collected that the Tax Collectors of Flagler and Volusia Counties, Florida, respectively, and the Comptroller of the State of Florida, be requested and instructed to pay, turn over, and deliver to the Board of Bond Trustees of Ocean Shore Improvement District in accordance with the just pro rata share which each should pay, the total sum of $35,000, for the payment by said Board of Bond Trustees of Ocean Shore Improvement District of the said general and special expenses of the district, including compensation to said trustees, attorney's fees, bookkeeping expenses and all other general and special expenses of the district which are authorized by law to be paid by the trustees of said district.

"BE IT FURTHER RESOLVED, that the secretary of this board be and he is hereby directed to certify and submit a true and correct copy of this resolution and estimate to the respective Boards of County Commissioners of Flagler and Volusia Counties, Florida."

The Board of County Commissioners of Volusia County, Florida, on August 3, 1939, adopted its county tax resolution but failed or omitted to make the said levy as requested

by the Board of Bond Trustees of Ocean Shore Improvement District.

Pursuant to a petition filed in the Circuit Court of Flagler County, Florida, on August 14, 1939, an alternative writ of mandamus issued commanding the Board of County Commissioners of Volusia County to levy a tax on the property of the Ocean Shore Improvement District sufficient in amount to raise $35,000.00. The respondents moved the court to quash the alternative writ because the Board of County Commissioners of Volusia County were prohibited by Section 15 of Chapter 14776, Laws of Florida, Acts of 1931, from making a levy pursuant to the trustees' resolution of June 28, 1939, for the reasons, viz.:

"1. A tax levy made pursuant to such resolution would be an interest and sinking fund levy because such resolution definitely states that the $35,000.00 is necessary to pay, among other things, the interest upon and to create a sinking fund for the payment of the principal and interest of the outstanding bonds of the district.

"2. The amount of money estimated by the State Board of Administration to be available during the fiscal year 1939-1940 for application to interest and principal and sinking fund requirements of the district is more than sufficient to meet all maturing principal and interest and sinking fund requirements of the bonds of the district during such fiscal year."

It was urged as a defense that the $35,000.00 sought to be raised by the tax levy was to be used by the board of bond trustees to pay the sum of: (a) $19,170.00, balance due on a bond refunding agreement; (b) the district's operation costs, viz.: salaries of trustees, attorney's fees, bookkeeping fees and other necessary miscellaneous items.

The lower court entered an order overruling and denying

the motion of the respondents to quash the alternative writ of mandamus, and subsequently held the answer or return insufficient and awarded a peremptory writ. Writ of error was taken and an appeal perfected to this Court and several of the rulings of the lower court argued as reversible error in this Court.

It is contended that the resolution, *supra,* complies fully with Section 3 of Chapter 12735, Special Acts of 1927, Laws of Florida; that the estimate prepared by the Bond Trustees of Ocean Shore Improvement District included *two items,* viz.: (a) The interest upon, and the sinking fund for the payment of the principal of the bonds issued; and (b) the general and special expenses of the district, such as the balance due in the sum of $19,170.00 on the refunding agreement, salaries of the trustees, attorney's fees, costs of bookkeeping, and other necessary miscellaneous items. The total amount to be raised by the resolution by a levy on the property of the district was the sum of $35,000.00.

Section 15 of Chapter 14776, Acts of 1931, Laws of Florida, provides that the Board of Administration shall make an estimate of the amount applicable to interest, principal and sinking fund requirements, and if the amount so applied is sufficient, no ad valorem tax shall be levied * * * if the amount is not sufficient, the Boards of County Commissioners of Flagler and Volusia Counties shall levy a tax sufficient in amount to equal the difference between the amount of such requirements and the amount available, and such amount, if any, so levied, shall be included in the tax next to be levied by each county. The moneys when collected shall be remitted to the State Treasurer and held by him for the benefit of the Ocean Shore Improvement District. The record here fails to show estimates on the

part of the Board of Administration for principal, interest and sinking fund requirements.

Chapter 14776, *supra,* divested the board of bond trustees of the authority to maintain or repair the roads of the district, and likewise the authority over the principal, interest and sinking fund requirements has been placed with the Board of Administration. The resolution adopted by the board of bond trustees is not only broad in its scope, but not based on estimates of the Board of Administration as required by Chapter 14776, Acts of 1931.

It is contended that the resolution, *supra,* should have been restricted to the operating expenses of the districts and the reasonableness of each item contained therein, viz.: (a) Balance due on refunding agreement; (b) salaries for trustees; (c) attorney's fees; (d) bookkeeping fees and other costs. It appears that this contention has merit because Section 15 of Chapter 14776, Acts of 1931, provides:

"* * * The Board of County Commissioners of Flagler County and the Board of County Commissioners of Volusia County, Florida, acting jointly, as an alternative, subject to the approval of the Board of Administration, may authorize the issuance of refunding bonds for the purpose of refunding any part or all of the amount of principal of said bonds and interest maturing during the current year in excess of the sum available to them, as herein provided, such refunding bonds to be issued in accordance with Section 9 of this Act."

We infer, from our study of the record, that the items of indebtedness against the district and for which the levy is desired, were incurred in connection with a bond refunding program of Ocean Shore Improvement District.

Because of the error appearing herein the judgment appealed from is hereby reversed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.